# Matter of L-L-R-, Respondent

*Decided July 31, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent is ineligible for cancellation of removal because his actions and involvement with a smuggler to bring his child to the United States constitute assisting or aiding an "alien to enter or to try to enter the United States in violation of law" under section 212(a)(6)(E)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(E)(i), triggering the good moral character bar under section 101(f)(3) of the INA, 8 U.S.C. § 1101(f)(3).

FOR THE RESPONDENT: Gloria L. Contreras Edin, Esquire, Saint Paul, Minnesota

BEFORE: Board Panel: HUNSUCKER and GEMOETS, Appellate Immigration Judges; TERRIEN, Temporary Appellate Immigration Judge.

GEMOETS, Appellate Immigration Judge:

The respondent, a native and citizen of Guatemala, appeals from the Immigration Judge's June 30, 2025, decision pretermitting his application for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1) (2024). We will dismiss the appeal.

To qualify for cancellation of removal under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1), the respondent must show, inter alia, that he has been a person of good moral character during the 10 years preceding his application. INA § 240A(b)(1)(B), 8 U.S.C. § 1229b(b)(1)(B). The 10-year period is measured backward from the date of final adjudication of the application. *Matter of Ortega-Cabrera*, 23 I&N Dec. 793, 797–98 (BIA 2005). The Immigration Judge pretermitted the respondent's application upon determining that the respondent is unable to demonstrate the good moral character required for cancellation of removal because he assisted and aided in alien smuggling.[1] *See* INA §§ 101(f)(3), 240(c)(4)(A), 8 U.S.C. §§ 1101(f)(3), 1229a(c)(4)(A) (2024).

---

[1] The respondent does not challenge the Immigration Judge's finding that he is statutorily ineligible for a waiver to the alien smuggling ground of inadmissibility, and we consider the issue waived. *See* INA § 212(d)(11), 8 U.S.C. § 1182(d)(11) (2024); *Matter of F-C-S-*, 28 I&N Dec. 788, 789 n.3 (BIA 2024) (deeming issue waived if not raised on appeal).

The Immigration Judge found that the respondent, in 2021, hired and paid a smuggler to bring the respondent's 14-year-old son from Guatemala to the United States, where the respondent and his wife were residing, because their son lacked appropriate familial care in Guatemala. The respondent did so knowing that his son did not have authorization to enter the United States. On appeal, the respondent does not dispute these factual findings but argues that arranging for his son to be brought to the U.S.-Mexico border does not constitute alien smuggling and thus does not bar a good moral character showing.[2]

Although "good moral character" lacks a statutory definition, Congress has specified by statute what "good moral character" is not. *Matter of Castillo-Perez*, 27 I&N Dec. 664, 666 (A.G. 2019). Section 101(f)(3) of the INA, 8 U.S.C. § 1101(f)(3), precludes a finding of good moral character if, inter alia, the alien is described in section 212(a)(6)(E) of the INA, 8 U.S.C. § 1182(a)(6)(E) (2024), regardless of whether the alien is inadmissible under that provision. Section 212(a)(6)(E)(i) of the INA, 8 U.S.C. § 1182(a)(6)(E)(i), states, "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."

The respondent admits to locating and paying a smuggler to assist in transporting his minor child from Guatemala to the U.S.-Mexico border. The respondent argues, however, that he paid the smuggler only to bring his son to the border, but not to have him enter unlawfully or evade inspection. The respondent asserts that his child presented himself at a port of entry and independently applied for asylum when he arrived, and therefore the respondent should not be viewed as having assisted an unlawful entry.[3]

The respondent presents no evidence that supports the plausibility of this proposition nor legal authority to support it even if it were plausible.[4] *See Pereida v. Wilkinson*, 592 U.S. 224, 231–40 (2021) (recognizing an alien's burden to establish the eligibility requirements for cancellation of removal). Aliens who present themselves at a port-of-entry must establish their lawful authorization to enter the United States, even for those requesting the

---

[2]   The respondent asserts that his son was 13 years old at the time.

[3]   Contrary to the respondent's testimony, the respondent's wife testified that the child was apprehended by immigration officials in the desert.

[4]   The respondent's uncorroborated claims are further contradicted by his wife's testimony about their child's entry, namely that they "brought him over" and that they "brought him through the desert."

opportunity to apply for asylum.  "An alien who wishes to enter the United States lawfully must first be 'admitted.'  As used in the INA, 'admission' is a term of art that means the 'lawful entry of [an] alien into the United States after inspection and authorization by an immigration officer."  *Mullin v. Al Otro Lado*, 146 S. Ct. 2079, 2087 (2026) (quoting section 101(a)(13)(A) of the INA, 8 U.S.C. § 1101(a)(13)(A) (2024)).  "[If] the asylum officer decides that the alien does have a credible fear [of persecution], the officer must detain the alien for further consideration of the alien's application for asylum."  *Id*. at 2087–88.  Asylum applicants are provided an opportunity to proceed with their fear-based claims in the United States; however, applicants who have not been lawfully admitted submit a "defensive" application in removal proceedings, seeking permission to remain in the United States lawfully.  *Brizuela v. Garland*, 71 F.4th 1087, 1091 n.3 (8th Cir. 2023).  Accordingly, being an applicant for asylum is not a manner of legal entry, but rather a status in which one seeks subsequent lawful status if approved.

While the respondent alleges no intent to assist his child in entering the United States unlawfully, his statement is insufficient to demonstrate that the statutory bar to good moral character does not apply, and he presents no evidence to demonstrate the plausibility of his claim that he only paid a smuggler to transport his unaccompanied minor child to the U.S.-Mexico border.  The respondent failed to present testimony or evidence that his child possessed documentation that would permit lawful entry, that the respondent had information that his child, an unaccompanied minor, had the ability or knowledge of how to enter the United States lawfully, that the respondent made arrangements for his child's lawful entry to the United States, that the respondent made arrangements for his minor, unaccompanied child to remain at the U.S.-Mexico border, or that his child entered the United States in a lawful manner.  Significantly, the respondent's submission of evidence includes an application in his child's name that identifies "no lawful status" as the status in which his child entered the United States.  Accordingly, the record contains insufficient evidence to establish that the respondent did not participate in or assist in the unlawful entry of his child to the United States.

The language in section 212(a)(6)(E)(i) of the INA, 8 U.S.C. § 1182(a)(6)(E)(i), applying to an alien who provides assistance or encouragement, inter alia, to another "to enter or to try to enter" the United States contrasts with the language in the asylum statute, which requires an applicant to be "physically present in the United States" or to "arrive[] in the United States."  INA § 208(a)(1), 8 U.S.C. § 1158(a)(1) (2024); *see also Mullin v. Al Otro Lado*, 146 S. Ct. at 2090–95 (answering the question of whether an alien who seeks to enter the United States from Mexico "arrives

in the United States" when he or she is still at the border in Mexico). In *Mullin v. Al Otro Lado*, the Supreme Court of the United States highlighted the importance of these distinctions in the statutory language:

> "Several features of statutory context suggest that the meaning of the phrase 'arrives in the United States' in §§ 1158(a)(1) and 1225(a)(1) conforms to ordinary usage. The first is the absence from those provisions of reference to attempted entry. Other provisions of the INA refer to both *actual* entrance into the United States and *attempted* entrance. For example, an alien who 'enters or attempts to enter' the country at an improper time or place commits a misdemeanor, § 1325(a)(1), and an alien who 'enters' or 'attempts to enter' the country after being removed commits a felony, § 1326(a)(2)(B). Immigration officers may arrest aliens 'entering or attempting to enter the United States' unlawfully. §1357(a)(2)."

*Mullin v. Al Otro Lado*, 146 S. Ct. at 2091.

This difference in statutory language undermines the respondent's argument that he is not an alien described in section 212(a)(6)(E)(i) of the INA, 8 U.S.C. § 1182(a)(6)(E)(i), simply because the smuggler's duties ended at the U.S.-Mexico border or because his son thereafter applied for asylum. The respondent does not dispute that his intent in employing the smuggler was for his son to join the family in the United States. The Immigration Judge's determination that the respondent and his wife arranged for their son to come to the United States is not clearly erroneous. Inadmissibility for alien smuggling does not require the smuggled alien's physical presence in the United States and may be established by encouraging or assisting an alien "to try to enter" the United States in violation of law regardless of whether entry is achieved. INA § 212(a)(6)(E)(i), 8 U.S.C. § 1182(a)(6)(E)(i).

The respondent and his wife testified that he knowingly funded and communicated with the smugglers about his child's transportation arrangements to bring the child to them at a time when they were present in the United States. The respondent's son had no documents that would allow him to legally enter the United States upon arrival at the border. The respondent's acknowledgement that his minor son would be taken to the U.S.-Mexico border through a smuggling arrangement demonstrates, at minimum, a reasonable expectation that his son would be taken to this location for subsequent entry into or attempt to enter the United States. Given the respondent's acknowledgement that he paid a smuggler to bring his minor child to the U.S.-Mexico border with a desire for his son's reunification with the family residing in the United States, the child's age, and the respondent's awareness that his son lacked valid documents that would permit a lawful entry, we agree with the Immigration Judge that the

respondent is an alien described in section 212(a)(6)(E)(i) of the INA, 8 U.S.C. § 1182(a)(6)(E)(i), who knowingly assisting his minor child "to enter or to try to enter the United States in violation of law." INA § 212(a)(6)(E)(i), 8 U.S.C. § 1182(a)(6)(E)(i).

Moreover, the respondent's actions do not demonstrate an attempt to accompany the child to the United States, but rather to engage an unknown individual to transport a minor child from Guatemala to the United States by soliciting the unknown individual's services. The inherent danger and potential for exploitation in placing an unaccompanied minor with a smuggler do not occur only at the U.S.-Mexico border, but throughout the smuggling transaction. The respondent did not allege to have made any effort to ensure that his unaccompanied child was not exposed to the potential harm associated with smuggling. The statutory bar to a good moral character showing and its application to eligibility for cancellation of removal are rooted in the inherent dangerousness of human smuggling operations, particularly for unaccompanied alien children. *See United States v. Texas*, 144 F.4th 632, 692 (5th Cir.) (Oldham, J., dissenting) (discussing the dangers involved in human smuggling operations, including for unaccompanied minors), *vacated on other grounds*, 150 F.4th 656 (5th Cir. 2025); *United States v. Reyes*, 772 F.3d 1152, 1161 (9th Cir. 2014) (recognizing a reasonable expectation that smuggling operations may include coercion, violence, and bodily injury).

We recognize the respondent's paternal interest in bringing his child to the United States. However, because of the serious potential for harm and exploitation associated with smuggling operations, the manner in which the respondent contracted for his unaccompanied child to be transported to the United States demonstrates the type of conduct Congress intended to prevent. Therefore, based on the lack of evidence that the respondent's child had a legal basis for lawful entry, the respondent's actions placing the child at the U.S.-Mexico border demonstrate he assisted his child to enter or attempt to enter the United States unlawfully.

We, thus, conclude that the respondent is ineligible for cancellation of removal because his actions and involvement with a smuggler to bring his child to the United States constitute assisting or aiding an "alien to enter or to try to enter the United States in violation of law" under section 212(a)(6)(E)(i) of the INA, 8 U.S.C. § 1182(a)(6)(E)(i), triggering the good moral character bar under section 101(f)(3) of the INA, 8 U.S.C. § 1101(f)(3). Because these acts occurred in 2021, the respondent cannot demonstrate that he has been a person of good moral character during the past 10-year period, and he is, therefore, ineligible for cancellation of

removal.    *See* INA §§ 101(f)(3), 240A(b)(1)(B), 8 C.F.R. §§ 1101(f)(3), 1229b(b)(1)(B).

Accordingly, we will dismiss the respondent's appeal.

**ORDER:**  The appeal is dismissed.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* section 274D of the INA, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026).  Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both.  *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).